# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:18-CV-00536-GCM

| | |
|---|---|
| KEVIN CHELKO, | ) |
|       Plaintiff, | ) |
| v. | )   **ORDER** |
| DOES | ) |
| JF RESTAURANTS, LLC, | ) |
|       Defendant. | ) |

**THIS MATTER COMES** before this Court on Defendant JF Restaurants, LLC's ("Defendant") Motion to Dismiss (Doc. No. 7). Plaintiff Kevin Chelko ("Plaintiff") responded to the Motion (Doc. No. 10). Defendant submitted a reply brief (Doc. No. 11). As such, this matter is ripe for disposition.

## I. FACTUAL BACKGROUND

The relevant facts to this matter are as follows. Plaintiff is a photographer living in North Carolina. (Compl. ¶ 1, 5). Defendant is a restaurant and catering company operating as "Just Fresh" in North Carolina. (*Id.* ¶ 6). Additionally, there are ten unnamed defendants. (*Id.* ¶ 37-42).

From April 3, 2007 to July 16, 2008, Plaintiff entered into five contracts with Defendant for the licensed use of 327 copyrighted photographs owned by Plaintiff. (*Id.* ¶ 9-23). The licenses expired three years from the date of each contract. (*Id.*). The photographs are of food offered for sale by Defendant. (*Id.*). Defendant employed the photographs on posters, menus, display materials, promotional displays, gift cards, and its website and catering vehicle. (*Id.* ¶ 7).

Though the contracts expired on or prior to July 16, 2011, Defendant continued thereafter to use the photographs. (*Id.* ¶ 24). Defendant also employed three photographs never licensed to it

1

in violation of Plaintiff's copyrights. (*Id.* ¶ 28-33). Plaintiff notified Defendant that its continued use violated the licenses, but Defendant did not remove the displays or pay a licensing fee. (*Id.* ¶ 24-26). This infringement was willful and continued until at least 2016. (*Id.* ¶ 27).

On January 31, 2013, Plaintiff's company, Kevin Chelko Photography, Inc., filed a complaint against Defendant for copyright infringement. *See Kevin Chelko Photography, Inc., v. JF Restaurants, LLC*, Case No. 3:13-CV-00060-GCM ("*Chelko I*"). This Court granted Defendant's Motion for Summary Judgment on January 19, 2017. The Court held that the copyrights in question were owned by Plaintiff himself and had not been transferred to his company, and so his company had no standing on which to sue. (*Chelko I*, Doc. No. 38). Some twenty months later, Plaintiff filed this Complaint in his personal capacity.

Plaintiff sued Defendants on three causes of action: (1) direct copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.* (2) vicarious copyright infringement from the unnamed defendants' direction of and supervision over the infringing conduct, and (3) violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202. Defendant moved to dismiss the suit as time barred per the statute of limitations set by 17 U.S.C. § 507(b). Additionally, as to claims (2) and (3), Defendant moved to dismiss for a failure to state a plausible claim.

## II. STANDARD OF REVIEW

When faced with a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept as true all well-pleaded allegations and . . . view the complaint in a light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Court "assume[s] the[] veracity" of these facts, and "determine[s] whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, the Court "need not accept as true unwarranted inferences, unreasonable conclusions,

or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. LLP*, 213 F.3d 175, 180 (4th Cir. 2000). The complaint must be supported by "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of a cause of action's elements, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). If a statute of limitations affirmative defense is raised in a motion to dismiss, the Court must decide if "the [complaint] sets forth on its face the facts necessary to conclude that [the] plaintiff's claims are barred by the statute of limitations." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (emphasis omitted).

### III. DISCUSSION

The Court will first discuss Defendant's Motion as to Count II, and as to Does 1-10.

#### a. Plaintiff's Secondary Infringement Claim and Claims Against Does 1-10

Plaintiff sued ten unnamed defendants for direct copyright infringement, vicarious copyright infringement, and for violations of the DMCA. Defendant in its Motion to Dismiss argued that these claims either fail to plead sufficient facts to be plausible, or in the alternative, are time barred by the statute of limitations. Plaintiff in his brief states that he "does not oppose this motion with respect to his secondary infringement claim," and that "in the event [he] discovers additional defendants," they will be addressed "through the prosecution of the direct infringement claim." (Doc. No. 10, at 1 n.1). This Court finds that Plaintiff has abandoned his Count II claim and all claims against the unnamed defendants, and thus, Defendant's Motion to Dismiss regarding them is **GRANTED**.

### b. Plaintiff's Claim of Direct Infringement

The Court will next address Plaintiff's direct infringement claim. Plaintiff alleges infringement of his copyrights in deprivation of his exclusive rights under 17 U.S.C. § 106. Defendant claims in its Motion that Plaintiff's suit is time barred by the statute of limitations.

According to 17 U.S.C. § 507(b), no civil claim for copyright infringement "shall be maintained . . . unless it is commenced within three years after the claim accrued." In the Fourth Circuit, a claim accrues when a copyright holder "has knowledge of a violation or is chargeable with such knowledge," an approach known as the discovery rule. *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 796 (4th Cir. 2001). Violations are treated separately – "[e]ach time an infringing work is reproduced or distributed, the infringer commits a new wrong. Each wrong gives rise to a discrete 'claim' that 'accrue[s]' at the time the wrong occurs." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014) (quotations omitted). However, the Court in *Petrella* distinguished *new* claims that accrue from the *continued* harm of past violations. *Id.* at 671 n.6. Though a violation may continue into the statutory period, the infringement is not actionable unless a new incident of harm (as defined by further violation of the copyright holder's § 106 rights) is discovered therein. *Id.* At issue then is when Plaintiff knew of, or was charged with knowledge about, the harm alleged.

Generally, in evaluating a Rule 12(b)(6) motion, "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006) (citing *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001)); Fed. R. Civ. P. 12(d). However, courts may examine "matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S.

308, 322 (2007). *See also* Fed. R. Evid. 201(d) ("The court may take judicial notice at *any stage of the proceeding*.") (emphasis added). Defendant argues that this Court should take judicial notice of the original *Chelko I* proceeding to demonstrate that Plaintiff knew about the claims alleged as early as 2013.

Courts may take judicial notice of "official public records." *Witthohn*, 164 F. App'x at 396 (citing with approval *Gasner v. Dinwiddie*, 162 F.R.D. 280 (E.D. Va. 1995) (holding that a court may consider court records even when they are neither referenced in nor integral to the disputed complaint)). The Fourth Circuit has relied upon this doctrine. *See, e.g.*, *Clatterbuck v. City of Charlottesville*, 708 F.3d 549 (4th Cir. 2013) (noting the judicial notice exception for evaluating Rule 12 motions), *abrogated on other grounds by Reed v. Town of Gilbert*, 135 S. Ct. 2218 (2015); *Pender v. Bank of Am. Corp.*, 756 F. Supp. 2d 694, 701 n.3 (W.D.N.C. 2010) (taking judicial notice of filings in a federal case in the Seventh Circuit), *aff'd sub nom. McCorkle v. Bank of Am. Corp.*, 688 F.3d 164 (4th Cir. 2012).

Only facts "not subject to reasonable dispute," are subject to judicial notice. Fed. R. Evid. 201. Plaintiff contends that the Court may not use the facts alleged in the *Chelko I* suit to decide this Motion, and that the veracity of the information therein has no bearing on this Court's Rule 12(b)(6) analysis. It is true that this Court must "construe those facts in the light most favorable to the plaintiff." *Clatterbuck*, 708 F.3d at 557 (quoting *Papasan v. Allain*, 478 U.S. 265, 283 (1986)). But ignoring those facts, as argued by Plaintiff, is a far more drastic step than the approach the Fourth Circuit takes. *Witthohn* explicitly utilized judicially noticeable facts to grant a Rule 12(b)(6) motion. 164 F. App'x at 397. Judicial notice of the prior filings does not require the Court to evaluate the veracity of those allegations. Instead, the Court may note the fact that

those filings exist and what is therein alleged. The *Chelko I* complaint and other documents from the prior suit are official public records of which this Court may take valid judicial notice.

After taking judicial notice of the prior complaint as it relates to this cause of action, it is apparent that it is virtually identical to the instant Complaint. The asserted violation of the license agreements and the attendant copyright infringement, ¶ 24 in both, is copied directly over. (*Compare Chelko I*, Compl. ¶ 24, *with* Compl. ¶ 24). The asserted use of the unlicensed photographs fares similarly. (*Compare Chelko I*, Compl. ¶ 31-32, *with* Compl. ¶ 32). The only new allegation is the use of the third unlicensed photograph of a bowl of soup. (Compl. ¶ 32). However, *Chelko I* notes this use in a document filed on September 8, 2015, also outside of the statutory period. (*Chelko I*, Doc. No. 9, at 2).

That said, Plaintiff asserts that Defendant used the photographs until at least 2016. (Compl. ¶ 27, 33). Defendant argues that this assertion is conclusory and cannot be considered under the Fourth Circuit's precedent in *Allen v. Cooper*.[1] Defendant's reading of *Allen* is overbroad.

In *Allen*, the plaintiffs alleged violations of their copyright on six websites controlled by the state of North Carolina. 895 F.3d at 354. However, prior to resolving North Carolina's motion to dismiss, the state *removed* those infringing displays. *Id*. Since the facts of the case required an *ongoing* violation of federal law, the plaintiffs contended that their complaint asserted that North Carolina was infringing their copyrights "*at least* at th[ose] locations," and thus that they had alleged there could be others. *Id*. (emphasis added). The Fourth Circuit found that this broad and unsubstantiated claim did not "plausibly allege the existence of an ongoing violation of federal law." *Id.* The court held that a complaint "alleg[ing], in a conclusory fashion,

---

[1] 895 F.3d 337, 354 (4th Cir. 2018), *cert. granted*, No. 18-877, 2019 WL 134012 (U.S. June 3, 2019).

that displays of copyrighted materials were continuing 'at least at th[ose] locations'" was a "general and threadbare catchall" that did not satisfy Rule 8 pleading standards post-*Iqbal*. *Id.*

Plaintiff's statement is different in form. In *Allen*, the plaintiffs asserted the *conclusion* that some outside, unnamed infringement exists. By the time the motion to dismiss came up for review, there were no specific allegations of infringement remaining, only a suggestion that there might be others. Here, Plaintiff is not gesturing towards a general possibility there *could* be other violations past 2016. He is alleging specific infringements that, *factually*, continued into 2016. This set of infractions is enumerated – display, sale, and distribution of his photographs until at least 2016 – rather than merely suggested, distinguishing the instant case from *Allen*.

That said, continuing into the statutory period is insufficient to rescue a claim from the statute of limitations per *Petrella*. Plaintiff must point to a *new* reproduction or distribution of an infringing work that he discovered after October 3, 2015. *Petrella*, 572 U.S. at 671. Plaintiff contends that "each sale of a gift card, distribution of a menu, transmission over the internet, and public display is unquestionably a discrete act," that should reset the statute of limitations. (Pl.'s Br. at 8). The Court will address each allegation in turn.

The Complaint contains no allegations of improperly displayed photographs other than those in *Chelko I*. Every instance, including the format and location of the photographs, is identical. There is thus no new claim of a display that satisfies the statute of limitations and the continued-violation rule of *Petrella*. The Plaintiff knew of the displays alleged outside of the statute of limitations, even if they continued into 2016.

The Complaint does not allege any distribution of menus that would suggest a new infringing act. The Complaint only alleges that photos were used on "menu boards," rather than on individual menus handed out to customers. These displays were also in the *Chelko I*

7

complaint, and thus were known to Plaintiff before 2015. If Plaintiff believes that Defendant distributed these photos on individual menus, he must allege so, and cannot instead "amend [his] complaint[] through briefing." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).

Plaintiff asks the Court to find every distribution of a copyrighted work over the internet a new claim that accrues separately. The Fourth Circuit has not decided if there is a new instance of infringement every time a copyrighted work is transmitted over the internet. Instead, for the proposition, Plaintiff cites the Ninth Circuit in *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007). The case does not directly address the proposition for which Plaintiff uses it. *Perfect 10* merely says that transmitting copyrighted works over the internet to a user's browser "is displaying the electronic information in violation of a copyright holder's exclusive display right" granted in 17 U.S.C. § 106. 508 F.3d at 1159. The case does not mention the statute of limitations, or if a new claim accrues for *each transmission*. Neither the Fourth Circuit, nor any courts in its purview, have cited this case for that proposition.

However, persuasive cases decided post-*Petrella* held the opposite. In *Wolf v. Travolta*,[2] the court dismissed the plaintiff's claims for statute of limitations problems, noting that "[t]he fact that the allegedly infringing document – published in 2010, outside the relevant three-year window – *remained* on defendant's website through 2014 does not give rise to a discrete claim accruing within the three-year window . . . continued presence on defendant's website . . . at best constitutes harm from [a] past violation." *Wolf*, 167 F. Supp. 3d at 1099 n.13 (citation and quotations omitted). The court did the same in *Alfa Laval Inc. v. Flowtrend, Inc.*,[3] holding that the plaintiff provided "no evidence that [the] Defendant[] engaged in new acts of copyright

---

[2] 167 F. Supp. 3d 1077 (C.D. Cal. 2016).
[3] No. CV H-14-2597, 2016 WL 2625068, at *6 (S.D. Tex. May 9, 2016).

8

infringement after it originally posted the Copyrighted Materials on its website," and that absent "later independent acts of copyright infringement, the 'separate-accrual rule' does not extend the limitations period." No. CV H-14-2597, 2016 WL 2625068, at *6 (S.D. Tex. May 9, 2016) (citing *Petrella*, 572 U.S. at 671). Both are directly analogous to Plaintiff's claim: that Defendant uploaded his photographs to its website in violation of the license agreement. Plaintiff does not allege any new act Defendant took to otherwise infringe his copyright within the limitation period.

If every access of a copyrighted work on a website establishes a new claim for infringement, as Plaintiff contends, the statute of limitations becomes obsolete for the internet. Merely checking to see if a photograph is still on a website would reset the clock and establish a new claim. Given the express purpose of the statute of limitations – "to render uniform and certain the time within which copyright claims could be pursued," – this Court declines to read out the statute of limitations and interpret digital infringement this way. *Petrella*, 572 U.S. at 670. Thus, Plaintiff alleges no new internet infringement that he discovered within the statutory period.

The only allegation that survives this Motion is Plaintiff's assertion that Defendant continued to sell gift cards displaying infringing photographs into 2016. Even if Plaintiff knew about this practice in 2013, the repeated, independent sale of these gift cards into 2016 is a claim that survives the statute of limitations. Title 17 United States Code Section 106(3) gives to copyright holders the exclusive right to "distribute" the work "to the public by sale or other transfer of ownership." If Defendant used three of Plaintiff's images improperly on gift cards sold to the public into 2016, this clearly violates Plaintiff's exclusive right to distribute the work by sale within the statutory period.

Accordingly, Defendant's Motion to Dismiss as to Plaintiff's direct infringement claim is **GRANTED IN PART**, with regards to all claims except paragraph 24(g) of the Complaint. With regards to paragraph 24(g), the allegation that Defendant infringed on Plaintiff's copyrights by improperly utilizing "[t]hree images on gift cards [it] sells from its restaurants" into 2016, Defendant's Motion to Dismiss is **DENIED**.

### c. Plaintiff's 17 U.S.C. § 1202 DMCA Claims

The Court now turns to Count III, Plaintiff's DMCA claims. Under the DMCA, it is illegal to falsify or distribute false copyright management information ("CMI") knowingly and with intent to "induce, enable, facilitate, or conceal an infringement" without the authority of the copyright owner. 17 U.S.C. § 1202(a). Additionally, it is illegal to remove or alter CMI or distribute such information one knows to be removed or altered, knowing (or with reasonable grounds to know) that it will "induce, enable, facilitate, or conceal an infringement" without the authority of the copyright owner. § 1202(b). CMI is defined as specific identifying information that accompanies copyrighted works, including the title, the author, the name of the copyright holder, the terms and conditions of use, or any identifying numbers or symbols referring to the copyright. § 1202(c).

Plaintiff asserts a claim under both § 1202(a) and § 1202(b).[4] Plaintiff alleges that Defendant, without permission, provided and distributed false CMI in violation of § 1202(a). (Compl. ¶ 44). Plaintiff then contends that Defendant, without permission, intentionally removed CMI, and altered the "form of metadata and text," in violation of § 1202(b). (Compl. ¶ 45). To meet the scienter requirements of § 1202(b), Plaintiff alleges that Defendant did so intentionally,

---

[4] Plaintiff in his Brief claims he is asserting a claim under § 1202(b)(1) and § 1202(b)(3). (Pl.'s Br. at 10). As Defendant correctly notes, this appears to be inaccurate. The elements that Plaintiff alleges in paragraph 44 of his Complaint instead seem to track § 1202(a), and not § 1202(b)(3), since he is asserting that Defendant provided false CMI and then distributed those works with that false information.

knowing "or having reasonable grounds to know" that such an act would induce or conceal and infringement. *Id.* Plaintiff notes that the information at issue was "on or around the works," and that the works were then distributed and displayed. *Id.* The Court will address each claim in turn.

### i. Plaintiff's § 1202(a) Claim

To state a valid § 1202(a) claim, Plaintiff must first assert and identify false CMI on the works in question. *See Imageline, Inc., v. Cafepress.com, Inc*., No. CV 10-9794, 2011 WL 1322525, at *5 (C.D. Cal. Apr. 6, 2011) ("[T]he Court must determine, as an initial matter [to decide a § 1202(a) claim], whether [the plaintiff] properly alleged that [the defendant] added information that fits the definition of CMI."). Courts have dismissed claims that do not identify the CMI at issue. *See, e.g.*, *Design Basics LLC v. WK Olson Architects, Inc*., 2018 WL 3629309, at *4 (N.D. Ill. July 31, 2018) ("Plaintiffs do not identify the CMI at issue in the case, leaving [the defendants] without a basis to understand the nature of the claim against them.").

Plaintiff's Complaint fails this initial test. Plaintiff does not identify any information, CMI or otherwise, that is false on the photographs, nor identify which photographs contain false information. Instead, his allegation is a near-identical recitation of § 1202(a)(1)-(2). This runs afoul of the clear standard in *Iqbal* that "[t]hreadbare recitals of a cause of action's elements . . . do not suffice." 556 U.S. at 678.

Furthermore, Plaintiff does not allege the scienter requirements that are also necessary to bring a § 1202(a) claim. Plaintiff does not plead that Defendant's falsification of CMI was done knowingly and with intent to induce or aid a copyright claim. All mention of Defendant's state of mind occurs in paragraph 45 and specifically refers to the removal or alteration of CMI, the acts barred under § 1202(b). (Compl. ¶ 45).

Thus, Plaintiff does not allege a plausible claim for relief for a violation of 17 U.S.C. § 1202(a). Defendant's Motion to Dismiss as relates to this claim is **GRANTED**.

### ii. Plaintiff's § 1202(b) Claim

To state a valid § 1202(b) claim, Plaintiff must assert that his works contained information classified as CMI. As noted, § 1202(c) does not define CMI as *all* text or information that accompanies copyrighted works; rather, it lays out eight categories of information relating to the copyright or the holder thereof. § 1202(c)(1)-(8). Plaintiff contends that his description of metadata and text on and around the works is sufficient to plead that the works in question contain valid CMI.

Metadata is information "embedded in the digital file," and for photos, may include "the make, model, and serial number of the camera . . . ; the shutter speed; the aperture settings; light sensitivity; the focal length . . . ; and . . . the location at which the photo was captured." *Stevens v. Corelogic, Inc*., 899 F.3d 666, 671 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1222 (2019). Metadata and text may be classified as CMI. However, photos can have large amounts of metadata that does not constitute CMI under § 1202(c). Even metadata that gestures towards a possible copyright has not been held to do so. *See Tomelleri v. Zazzle, Inc*., No. 13-CV-02576-EFM-TJJ, 2015 WL 8375083, at *12 (D. Kan. Dec. 9, 2015) (declining to decide if the phrase "Image licensed to [defendant]. All unauthorized use is prohibited," constituted CMI by informing the public that the image was copyrighted). Without a more descriptive pleading, it is impossible to know that the metadata and text in question relates to Plaintiff or the copyrights of the works.

Plaintiff also argues in his Brief that "[Defendant] appropriated at least two watermarked photographs from the portfolio section of [Plaintiff's] website," and references several

photographs in the original complaint. (Pl.'s Br. at 9). Many courts have classified watermarks as CMI under § 1202(c). *See, e.g.*, *Michael Grecco Prods., Inc. v. Alamy, Inc.*, No. 18-CV-3260-PKC-SMG, 2019 WL 1129432, at *5 (E.D.N.Y. Mar. 12, 2019) ("[B]ecause a watermarked corporate name or symbol may refer to the author or copyright owner when displayed on a copyrighted work . . . such watermarks do constitute CMI."); *Myeress v. Elite Travel Grp. USA*, No. 18-CV-340 (AJN), 2018 WL 5961424, at *2 (S.D.N.Y. Nov. 14, 2018) (holding that removal of a valid watermark from a copyrighted work establishes a prima facie violation of § 1202(b)); *Executive Corp. v. Oisoon, LLC*, No. 3:16-cv-898, 2017 WL 4310113, at *4 (M.D. Tenn. Sept. 28, 2017) (holding watermarked text constituted CMI); *Goldstein v. Metro. Reg'l Info. Sys., Inc*., No. CV TDC-15-2400, 2016 WL 4257457, at *7 (D. Md. Aug. 11, 2016) (holding a watermark of "© www.goldsteinphoto.com" constituted CMI since it contains identifying information about the author).

However, Plaintiff overstates what he alleges in the Complaint. The paragraphs referred to do not mention watermarks, nor does any other paragraph in the Complaint. The exhibits attached to the Complaint do not mention, show, or gesture to watermarks on any of Plaintiff's photographs. Plaintiff may not "amend [his] complaint[] through briefing." *S. Walk at Broadlands Homeowner's Ass'n, Inc*., 713 F.3d at 184.

Thus, Plaintiff does not adequately identify CMI on his photographs that Defendant removed or altered. He does not allege sufficient factual support to state a plausible claim for relief under § 1202(b). Accordingly, Defendant's Motion to Dismiss as it relates to this claim is **GRANTED**.

## IV. CONCLUSION

For the above reasons, Defendant's Motion to Dismiss is **GRANTED IN PART**, in regard to Claims II, III, and Claim I except for the assertion in Paragraph 24(g). Regarding the assertion in Paragraph 24(g), Defendant's Motion to Dismiss is **DENIED**.

**SO ORDERED.**

Signed: July 22, 2019

Graham C. Mullen
United States District Judge